# EXHIBIT A

**USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd. 5th fl. at 09:15 AM - 06/16/2022
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial denovo on appeal from a decision entered by a Judge.**

*Filed and Attested by the Office of Judicial Records 20 AUG 2021 03:11 pm M. BRYANT*

LAW OFFICES OF WILLIAM C. REIL
BY: William C. Reil, Esquire
Identification No. 26833
1420 Locust Street, Suite 420
Philadelphia, PA 19102
215-564-1635                                    ATTORNEY FOR PLAINTIFF

| | | |
|---|---|---|
| VALENTINA MAKER | : | COURT OF COMMON PLEAS |
| 1723 Erdman Street | : | PHILADELPHIA COUNTY |
| Philadelphia, PA 19130 | : | TRIAL DIVISION |
| | : | |
| v. | : | NO. |
| | : | |
| TEMPLE UNIVERSITY | : | |
| c/o Office of University Counsel | : | |
| 1330 W. Polett Walk | : | CIVIL ACTION - LAW |
| Philadelphia, PA 19122 | : | ARBITRATION |

## COMPLAINT - CIVIL ACTION

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta a sentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades o otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| Lawyer Reference Service<br>One Reading Center<br>Philadelphia, PA 19107<br>Telephone: 215-238-1701 | Servicio de ReferenciaLegal<br>Uno Reading Centro<br>Filadelfia, PA 19107<br>Telefono: 215-238-1701 |

Case ID: 210801898

## COMPLAINT

1. The plaintiff is Valentina Maker ("Maker"), an adult individual, who at all times material herein, was a student at Temple University, and presently resides at the address in the caption.

2. The defendant is Temple University ("Temple"), an educational institution or other unincorporated association, whose address for service of process is indicated in the caption.

3. At all times material herein, Valentina Maker was a paying graduate student at Temple University, who was pursuing her degree as a Doctor of Physical Therapy.

4. Plaintiff paid approximately $100,000 in tuition to obtain her graduate degree in Physical Therapy. The gravamen of this lawsuit arises out of the illegal discharge of plaintiff from Temple University without due process.

5. Plaintiff was discharged without a hearing or due process, and without sufficient evidence arising out of the COVID-19 situation, which caused difficulties beyond plaintiff's control, and in violation of the doctrine of promissory estoppel, in that plaintiff relied on promises of her supervisor and clinical director at Temple to her detriment. Plaintiff incorporates Exhibit "A", a letter to the President of Temple dated 01/21/21, as though fully incorporated herein.

## COUNT I
## VALENTINA MAKER v. TEMPLE UNIVERSITY

6. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

7. This cause of action is for violation of due process by defendant, with respect to plaintiff, arising out of the failure of plaintiff to be given a proper hearing or appeal.

8. Plaintiff was never given a hearing where she had an opportunity to challenge the alleged evidence against her and to cross-examine those at Temple who caused plaintiff to be withdrawn from her practicum without finishing the same.

9. Temple University is a state-related institution and considered as a state actor for the purposes of due process. Plaintiff was never given a proper hearing with due process prior to her dismissal and appropriate notice before her dismissal.

10. A touchstone of due process is notice and an opportunity to be heard by an impartial tribunal. *See J.P v. Department of Human Services*, 170 A.3d 575 (Pa. Cmwlth. 2017).

11. The genesis of this incident came when plaintiff was required to be present at Temple Hospital as part of her practicum. She was masked, gowned, with a face shield in place, as was her clinical supervisor, because of the COVID-19 pandemic. It was difficult to absorb instruction under these circumstances and to particularly interact with patients and provide patient care.

12. As a pretext, plaintiff was dismissed, after spending in excess of $100,000 in tuition and over two years in the program, before her practicum was finished.

13. Plaintiff was never evaluated by her advisor at Temple at the Hospital, nor did she receive any written tests.

14. Plaintiff's written evaluation at the middle part of her practicum was satisfactory.

15. Although plaintiff was dismissed for alleged "patient safety", there is no indication that any patient was injured, or there was any incident involving a patient which generated complaints. It is further alleged that "patient safety" was used as a

catchall pretext by Temple University to dismiss Ms. Maker.

16. As a result of defendant's conduct, plaintiff suffered damages for loss of her tuition, as well as loss of future earnings and earning capacity and emotional distress.

WHEREFORE, plaintiff requests damages not in excess of $50,000 at Arbitration, plus interest, costs, and attorney's fees, if applicable. Plaintiff also requests expungement of all records at Temple University involving her dismissal.

## COUNT II
## VALENTINA MAKER v. TEMPLE UNIVERSITY

17. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

18. Plaintiff relied, to her detriment, on the promises of defendant and its agents to fairly evaluate her academic performance as heretofore indicated.

19. Temple did not act in a reasonable manner in dismissing Ms. Maker.

20. Temple dismissed Ms. Maker before her practicum was completed.

21. Temple failed to have credible evidence that plaintiff created issues of "patient safety" which allegedly justified her dismissal.

22. Temple improperly delegated the evaluation of plaintiff to Patricia Garcia, a physical therapist, who was not a faculty member of the Temple PT Program, and did not have appropriate credentials.

23. Defendant failed to incorporate plaintiff's evaluations in its decision to dismiss her prematurely during her practicum.

24. Defendant failed to take into account that plaintiff's performance should have been judged in the light of the COVID-19 pandemic, where there was insufficient time to properly supervise plaintiff and where plaintiff had difficulty interacting with patients and hospital personnel due to the overwhelming nature of the

pandemic. Plaintiff was frequently left unsupervised because her clinical instructor had an additional workload of patients.

25. As a result of defendant's conduct, plaintiff suffered damages for loss of her tuition, as well as loss of future earnings and earning capacity and emotional distress.

WHEREFORE, plaintiff requests damages not in excess of $50,000 at Arbitration, plus interest, costs, and attorney's fees, if applicable. Plaintiff also requests expungement of all records at Temple University involving her dismissal.

## COUNT III
## VALENTINA MAKER v. TEMPLE UNIVERSITY

26. Plaintiff incorporates all prior paragraphs as though fully set forth herein.

27. Defendant's conduct was arbitrary and capricious in that plaintiff was terminated during the 5th week of her practicum.

28. Plaintiff's clinical practicum was supposed to be for 12 weeks, and was abridged to 5 weeks due to the COVID-19 pandemic. Expectations for plaintiff's performance did not reflect the diminished instructional time.

29. Defendant violated plaintiff's due process by terminating her at 5 weeks during her practicum, since there was no opportunity to judge plaintiff's performance on the full length of her course. The Clinical Education Student Handbook for Temple states at paragraph 10(c) that an evaluation of a student's clinical experience will occur after such experience is completed. See Exhibit "B".

30. This action by Temple was tantamount to giving a student an "F" before the course had finished and the final exam was submitted.

31. There was no written notice of impending termination to Ms. Maker.

32. Ms. Maker was terminated during her practicum and not given any hearing or the ability to present evidence on her behalf or obtain counsel.

33. On Temple's website, it is stated that the practicum was 12 weeks.

34. As a result of defendant's conduct, plaintiff suffered damages for loss of her tuition, as well as loss of future earnings and earning capacity and emotional distress.

WHEREFORE, plaintiff requests damages not in excess of $50,000 at Arbitration, plus interest, costs, and attorney's fees, if applicable. Plaintiff also requests expungement of all records at Temple University involving her dismissal.

Respectfully submitted,

*William C. Reil*

William C. Reil, Esquire
Attorney for Plaintiff
08/20/21

## VERIFICATION

I hereby state that I am a plaintiff or duly authorized agent for the plaintiff in the above-captioned case, and I verify that the statements made in the within document are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa., C.S. 4904 relating to unsworn falsification to authorities.

*Valenu Maker*
Valentina Maker

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "A"

# EXHIBIT "A"

Case ID: 210801898

<div style="text-align:center">

**William C. Reil, Esquire**
1515 Market Street, Suite 1200, Philadelphia, PA 19102
Tel: 215-564-1635 Fax: 215-564-4292
BillReilLaw@gmail.com

</div>

January 21, 2021                                    **BY EMAIL AND REGULAR MAIL**
                                                    president@temple.edu

President Richard M. Englert
Temple University
Second Floor, Sullivan Hall
1330 Polett Walk
Philadelphia, PA 19122

    Re:  Valentina Maker
        **Letter of Representation and Request to Speak with Counsel**

Dear President Englert:

Please be advised that I represent Valentina Maker, a former graduate student at Temple University. Ms. Maker was recently dismissed by your University in Summer 2020. She had spent two years in the physical therapy program. I understand that she was to graduate in 2021. I further understand that Ms. Maker has spent over $100,000 in tuition and expenses in her graduate program at Temple. Based on my understanding, my client was dismissed from Temple due to her clinical assignment at Temple Hospital. She was not allowed to finish her clinical program and not given consideration due to the Covid situation.

I would request that you investigate this information yourself to determine the validity of this dismissal. I wish to point out that my client's grades were good and that the dismissal, based on alleged patient safety, was almost totally subjective.

It appears that the University has violated several provisions of its handbook and written materials, *inter alia*. Procedurally, my client never received a hearing before her dismissal. As you know, Temple is a state related school and subject to substantive and procedural due process. While Ms. Maker has been given appeals after her dismissal, this does not remediate the fact that her due process rights were violated by not having the opportunity to present her side of the situation before dismissal was mandated. As you know, the official writings of the University and its personnel may be considered a contract in Pennsylvania. I am not aware of complaints by any patients. To my knowledge, no patients were jeopardized by my client. I would like to speak with your legal representative to discuss these matters. I have advised Ms. Maker of her legal options.

Sincerely yours,

*William C. Reil*

William C. Reil
WCR/cmb

cc: Valentina Maker

<div style="text-align:right; color:red">Case ID: 210801898</div>

# EXHIBIT "B"

# EXHIBIT "B"

# EXHIBIT "B"

# EXHIBIT "B"

# EXHIBIT "B"

# EXHIBIT "B"

Case ID: 210801898



**Doctor of Physical Therapy Program**

**Clinical Education Student Handbook**

Case ID: 210801898



# TABLE OF CONTENTS

Section I.     Introduction

Section II.    Program Philosophy

Section III.   Clinical Education Philosophy

Section IV.    DPT and Clinical Education Curriculum Overview
       A. Curriculum Matrix

Section V.     Clinical Education Overview
       A. Integrated Clinical Education and Full-time Experience Schedule
       B. Integrated Clinical Education
          a. Purpose and Definitions
          b. Objectives
          c. Overview
       C. Full-time Experience Setting Requirements

Section VI.    Full-time Clinical Experience Placement Process
       A. E*Value
       B. Facility Preference Form
       C. Site Assignment Process

Section VII.   The Roles of Academic and Clinical Faculty
       A. Director of Clinical Education
       B. Center Coordinator of Clinical Education
       C. Clinical Instructor
       D. Rights and Privileges of Clinical Education Faculty (SCCE/CI)

Section VIII.  The Role of the DPT Student
       A. Description of Role of DPT Student
       B. Rights and Privileges of the DPT Student
       C. Health and Background Check Requirements
       D. American Databank/Complio Instructions
       E. Financial Management
       F. Disability Disclosure Statement

Section IX.    Policies for Clinical Education

A.  Policies on Absences and/or Lateness
B.  Holiday Policy
C.  Student Documents
D.  Dress Code Policy
E.  Grading Policy
F.  Mobile Device Policy
G.  Social Media Policy
H.  Liability Coverage and Student Injury Policy
I.  Interview Policy
J.  Site Change/Cancellation Policy
K.  Student Information Shared with the Clinical Site

Section X.  Evaluation of Students Performance in Clinical Education
A.  APTA Physical Therapy Clinical Performance Instrument (PT-CPI)
B.  Student Portfolio Requirements
C.  Student Evaluation of Clinical Site and Clinical Instructor
D.  APTA Professionalism: Core Values Self-Assessment
E.  Feedback to Students

Section XI.  Temple University DCE Contact Information

Section XII.  Forms to be Completed by Student
A.  Release Form
B.  Information Form
C.  Student Handbook Acknowledgement Form Signature Page

Section XIII.  Appendices
A.  Curriculum Matrix
B.  Facility Preference Form
C.  Statement of Essential Functions
D.  APTA Professionalism Core Values Self-Assessment
E.  Feedback to Student (Weekly Planning Form)
F.  CPI Quick Guide
G.  Performance Dimensions and Rating Scale Anchors of CPI
H.  Clinical Education Compliance Overview
I.  Complio Instructions
J.  Temple PT Initial Form
K.  Disclosure & Authorization Regarding Background Investigation and Rights Under Fair Credit Reporting Act

Last Updated:   Spring 2019

Case ID: 210801898

The CPI is accessible to students and clinical instructors *only* after having completed the online training at the APTA Learning Center, at the following link:
http://learningcenter.apta.org/ptcpi_aptalearningcenter.aspx
See also:
[Appendices](#):
- APTA Quick Guide to training and accessing the online CPI
- Performance Dimensions and rating scale criteria used in grading

**B. Student Assignments**

Assignments are used to assist students in the process of learning. They help students to investigate their own learning experience and provide information about the clinical experience to the DCE.  For grading purposes the following assignments will be assigned at various points in the curriculum. The syllabus for each course will outline required elements:
- Reflection Discussion Board
- Sample of patient or staff education (i.e. inservice)
- Completed Release Forms (E*Value)
- Completed CI Information Form (E*Value)
- Completed Student Evaluation of Clinical Site (E*Value)
- Completed Student Evaluation of Clinical Instructor (E*Value)
- APTA Core Values Self-Assessment (Appendix) (E*Value)

**C. Student Assessment of Clinical Site and Clinical Instructor**

After each student's clinical experience is completed, the Director of Clinical Education and the Center Coordinator of Clinical Education evaluate the affiliation and consider suggestions for improvement. Students' opinions are an important part of this evaluation process. Your positive, as well as constructive, comments are very helpful. Students will complete online evaluations via the E*Value learning platform regarding the organization and learning experience provided by the site and the instructor. This provides students the opportunity to express their opinions of the clinical internship experience.  Students are responsible for filling out this evaluation before the end of the clinical experience.

**D. APTA Core Values Self-Assessment (Appendix)**

After clinical experience 1 and 3, the student completes the APTA Core Values Self-Assessment, to develop an awareness about professionalism and the frequency with which he or she demonstrates the core values of the profession in practice. This online evaluation is completed in the E*Value learning platform.

**E. Feedback to Students (Appendix: Weekly Planning Form)**

The Weekly Planning Form is a tool to encourage clear and consistent communication between the CI and the student.  It allows both parties to document performance and feedback on a weekly basis. This promotes open communication and an opportunity to set objective goals. Weekly planning is an essential component of formative evaluation, and imperative for the learning process.